**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOSE MACIA-SANCHEZ, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|     v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:10-CR-0529-TWT-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL FILE NO. |
| | : | 1:12-CV-0701-TWT-JFK |
| | : | |

**MAGISTRATE JUDGE'S FINAL**
**REPORT AND RECOMMENDATION**

Movant, Jose Macia-Sanchez, has filed a 28 U.S.C. § 2255 motion to vacate, set

aside, or correct his federal sentence, in which he challenges the constitutionality of

his conviction and sentence entered in this Court under the above criminal docket

number. The matter is before the Court on the § 2255 motion, (Doc. No. 39),

Respondent's answer-response, (Doc. No. 43), and Movant's reply, (Doc. No. 45). For

the reasons discussed below, Movant's motion to vacate is due to be denied.

## I.  **Background**

Movant first entered the United States in 1982, was convicted in 1988 in Santa

Clara for a controlled substance offense, and apparently was deported from the United

States sometime after his release from prison in November 1989; re-entered in July

1991, was convicted in 1992 in Los Angeles for possession of marijuana for sale, and was deported in December 1992; re-entered in January 1994, was convicted in 1994 in Los Angeles for carrying a loaded firearm in a public place, and was deported in November 1994; re-entered in December 1994, was convicted in 1995 in Los Angeles for possession of a firearm by a felon, and was deported in October 1996; re-entered in June 1997, was convicted in 1999 in San Bernardino for manufacture of a controlled substance (hereinafter referred to as the "1999 manufacturing conviction" or "1999 San Bernardino manufacturing conviction"), and was removed in May 2001; and, most recently, re-entered at some later point in 2001.[1]  (Pre-Sentence Investigation Report ("PSI") ¶¶ 7-12).

In November 2010, authorities found Movant in the United States illegally, and the grand jury for the Northern District of Georgia indicted Movant for illegally re-entering and being found in the United States in violation of 8 U.S.C. § 1326(a), (b)(2). (Doc. No. 1).  Represented by Mildred Dunn, Movant pleaded guilty.  (See Doc. No. 13).

The PSI states Movant's total offense level as twenty-one, a base offense level of eight, increased by sixteen points under U.S.S.G. § 2L1.2(b)(1)(A)(i) because

---

[1]Santa Clara, Los Angeles, and San Bernardino are located in California.

2

Movant previously had been deported after being convicted for a drug trafficking offense (his 1999 San Bernardino manufacturing conviction) and decreased by three points based on Movant's acceptance of responsibility. (PSI ¶¶ 16, 17, 21-23). The PSI states a criminal history of sixteen points, a criminal history category of VI, and a guideline range of seventy-seven to ninety-six months. (Id. ¶ 35 and p. 25).

On May 23, 2011, the Court imposed a seventy-seven month term of imprisonment.[2] (Doc. No. 21). Movant appealed, again represented by Ms. Dunn, and argued that the Court had imposed a sentence that was substantively unreasonable because his criminal conduct was in the past and the ten years since his re-entry showed that he had turned his life around. Br. of Appellant at 7, United States v. Macia-Sanchez, No. 11-12618-AA (11th Cir. Aug. 29, 2011). The Eleventh Circuit found that the Court had imposed a reasonable sentence and affirmed the judgment against Movant. United States v. Macia-Sanchez, 454 F. App'x 811, 812 (11th Cir. 2012).

In his § 2255 motion, Movant argues that counsel provided ineffective assistance by failing to argue (1) that the sixteen-point enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) was improper because the qualifying conviction was not a drug

_____

[2]The Court used the 2010 edition of the guidelines manual. (Doc. No. 29 at 8).

3

trafficking offense and he was never indicted for drug trafficking and (2) that his criminal history points were unjustified. (Doc. No. 39).

## II.  28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Section 2255 relief, however, is limited. A § 2255 motion affords relief on narrower grounds than may justify reversal on direct appeal and is not meant to take the place of a direct appeal. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted[.]" United States v. Frady, 456 U.S. 152, 164 (1982). Section 2255 is reserved for claims that allege "a lack of jurisdiction or constitutional error" or allege other "error of law" that constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); accord Ayuso v. United States, 361 F. App'x 988, 991 (11th Cir. 2010). A constitutional claim of ineffective assistance of counsel generally

4

is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts. Massaro v. United States, 538 U.S. 500, 505-09 (2003). However, after a trial and conviction, the presumptions and the burdens change – the conviction is presumed valid, and it is the petitioner's burden to establish his right to collateral relief. See District Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68-69 (2009) (citing Herrera v. Collins, 506 U.S. 390, 399 (1993)); Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007) (stating that § 2255 movants have the "burden of establishing their right to relief from the judgment against them").

The Court will grant a hearing on a motion to vacate unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255) (internal quotation marks omitted). An evidentiary hearing is unwarranted because, as indicated by the discussion below, the records show that Movant is not entitled to relief.

## III. Discussion

### A. Sixteen Point Enhancement

As indicated earlier, Movant's offense level was increased sixteen points under U.S.S.G. § 2L1.2(b)(1)(A)(i) because Movant previously had been deported after

5

having been convicted of a drug trafficking offense – his 1999 San Bernardino manufacturing conviction, for which he received a five-year term of imprisonment. (PSI ¶¶ 12, 17, 32). The PSI states:

> [Movant] and a co-defendant unlawfully manufactured and possessed methamphetamine, exceeding ten gallons of liquid by volume and three pounds of a solid substance, for sale at a dwelling where a child under age 16 was present. The Defendants possessed ephedrine with the intent to manufacture methamphetamine and were also personally armed with firearms.

(Id. ¶ 32). Movant did not object to the summary regarding that conviction. (See id.).

In his § 2255 motion, Movant asserts that counsel provided ineffective assistance in regard to the sixteen point enhancement.[3] (Doc. No. 39 at 1-2, 5-6). Movant argues that counsel provided ineffective assistance by failing to argue based on Carachuri-Rosendo v. Holder, _ U.S. _, 130 S. Ct. 2577 (2010),[4] that his 1999 manufacturing conviction was improperly used as a basis for the sixteen point enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i). (Doc. No. 39 at 1-2). Movant

---

[3]The Court combines Movant's grounds one and three.

[4]Carachuri-Rosendo does not help Movant. In Carachuri-Rosendo, 130 S. Ct. at 2586, an immigration case, the court held that a federal court "cannot, *ex post*, enhance the state offense of record just because facts known to it would have authorized a greater penalty under either state or federal law." Here, the state offense of record is a conviction and five-year term of imprisonment for manufacturing and possessing methamphetamine for sale, which the Court did not enhance or change.

6

asserts that his charge under California Health and Safety Code § 11379(a) was not for a drug trafficking offense and that the California court did not state that his crime was a drug trafficking offense. (Doc. No. 39 at 1-2). Movant asserts that the "indictment failed to charge the crime of drug trafficking" and that the federal court lacked jurisdiction to change a California charge into a drug trafficking charge.[5] (Id. at 5-6).

Respondent responds that the Court had jurisdiction to determine whether Movant's 1999 manufacturing conviction qualified as a drug trafficking offense and that counsel's forgoing the issue was reasonable because the conviction meets the definition of a drug trafficking offense in § 2L1.2. (Doc. No. 43 at 11, 26).

Movant replies (1) that he was "charged with <u>manufacturing</u> a controlled substance[,]" which is not a drug trafficking crime under California law; (2) that a conviction under § 11379(a) could be supported by a non-trafficking offense and his "charge and conviction rested on a non-drug trafficking offense under . . .

---

[5]To the extent that Movant may have intended to argue that federal jurisdiction to apply an enhancement under § 2L1.2 was lacking because the qualifying trafficking offense was not charged in the federal indictment for illegal re-entry, his claim would fail. See <u>United States v. Steed</u>, 548 F.3d 961, 979 (11th Cir. 2008) ("[I]t is a question of law for a judge as to whether a prior conviction triggers a sentencing enhancement.").

§ 11379(a)";[6] (3) that the government did not establish with "worthy documents" that he was convicted of drug trafficking under § 11379(a); and (4) that it must be assumed that he was convicted for the "least prohibited act." (Doc. No. 45 at 1-3 (emphasis in original)).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000). Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Under the second prong, a petitioner "must show that there is a reasonable probability that, but for

---

[6]California Health and Safety Code § 11379(a) governs the transportation, sale, furnishing, administration, or gift of controlled substances – providing for two, three, or four year terms of imprisonment. As stated by Movant, it appears that some of the conduct criminalized in § 11379(a) qualifies as drug trafficking under the federal sentencing guidelines and that some does not. See United States v. Catalan-Encarnacion, No. 11-10241, 2012 WL 2553646, at *1 (9th Cir. July 3, 2012).

AO 72A
(Rev.8/82)

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted). The petitioner has the burden of establishing his claim by a preponderance of competent evidence. Williams v. Allen 598 F.3d 778, 789 (11th Cir. 2010), cert. denied, _ U.S. _, 131 S. Ct. 906 (2011); Ford v. Hall, 546 F.3d 1326, 1333 (11th Cir. 2008), cert. denied, _ U.S. _, 130 S. Ct. 1282 (2010). "The standards applicable to [a movant's] claims of ineffectiveness against trial counsel apply equally to the charges leveled against his appellate lawyer. . . . To prevail, [a movant] must demonstrate both that his appellate counsel's performance fell below reasonable professional standards and that he was prejudiced by his attorney's substandard performance." Johnson v. Alabama, 256 F.3d 1156, 1187 (11th Cir. 2001) (citations omitted).

The federal sentencing guidelines provide, "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is [] a drug trafficking offense for which the sentence imposed exceeded 13

9

months . . . , increase by 16 levels if the conviction receives criminal history points under Chapter Four . . . ." U.S.S.G. § 2L1.2(b)(1)(A).

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Id., cmt. n.1(B)(iv).

A federal court generally examines the judgment of conviction and relevant statute to determine "whether a prior conviction is a qualifying offense for enhancement purposes[.]" United States v. Aguilar-Ortiz, 450 F.3d 1271, 1273 (11th Cir. 2006). If the "judgment of conviction and statute are ambiguous," the court should determine whether the conviction is a qualifying offense by referring to only the "'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" Id. at 1273-74 (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)).

If a "defendant objects to the factual basis of his sentence, the government has the burden of establishing the disputed fact." United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006) (A defendant's "challenges to the facts contained in the PSI must

10

be asserted with specificity and clarity."). However, when a defendant does not object to a PSI's factual summary of a prior qualifying conviction, the district court is entitled to rely on that summary without digging for supporting documentation. United States v. Aviles-Solarzano, 623 F.3d 470, 475 (7th Cir. 2010) ("There is no reason to go digging for a state-court indictment if the parties agree on what it says."). Absent proper objection to the PSI's factual statements, the facts are deemed undisputed and "the sentencing court [may] rely upon them without error even if there is an absence of supporting evidence." United States v. Beckles, 565 F.3d 832, 843-44 (11th Cir. 2009); United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes.")

A conviction and five-year term of imprisonment for manufacturing and possessing methamphetamine for sale qualifies as a drug trafficking offense – "the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance." U.S.S.G. § 2L1.2(b)(1)(A), cmt. n.1(B)(iv). Absent objection, the Court was entitled to rely on the undisputed summary of the 1999 manufacturing conviction. To succeed on his claim that counsel was ineffective, Movant must show that if counsel had presented the challenge that Movant now presents – that the 1999

11

manufacturing conviction is a non-qualifying conviction because it is a non-specific conviction under § 11379(a) – there is a reasonable probability that it would have changed the outcome, i.e., (1) the Court would have found that Movant's challenge was specific and clear, <u>Bennett</u>, 472 F.3d at 832, and (2) the government would not have been able to establish that Movant was convicted for manufacturing methamphetamine. Movant does not make the required showing. Although Movant states that he was convicted under § 11379(a) (which allegedly criminalizes conduct that does not qualify as drug trafficking), his assertion is questionable because that section does not provide for the five-year term of imprisonment that Movant received.[7] Moreover, Movant admits that he was charged with manufacturing methamphetamine, a crime that qualifies as a drug trafficking offense. (<u>See</u> Doc. No. 45 at 2). Absent any proffer or argument by Movant that reasonably brings into question the undisputed summary of the 1999 manufacturing conviction – that Movant was convicted for manufacturing and possessing methamphetamine for sale – Movant fails to meet his

---

[7]Section 11379(a) provides for two, three, or four year terms of imprisonment. The Court notes that California Health and Safety Code § 11379(b) provides for three, six, or nine year terms of imprisonment if the person "transports for sale any controlled substances specified in subdivision (a)" and that California Health and Safety Code § 11379.6(a) governs the manufacture of controlled substances and provides for three, five, or seven year terms of imprisonment.

12

burden. Movant does not show that he was prejudiced by trial counsel's failure to challenge the use of the 1999 manufacturing conviction as a qualifying conviction under U.S.S.G. § 2L1.2(b)(1)(A). Movant also does not show that he was prejudiced by appellate counsel's failure to raise the issue on direct appeal. Movant's arguments, which are insufficient to show prejudice, also do not show plain error. See United States v. Herrera, 140 F. App'x 58, 63 (11th Cir. 2005) (reviewing for plain error a challenge to a § 2L1.2 enhancement that was raised for the first time on appeal).

## B.   Criminal History Points

Movant's PSI states a criminal history of sixteen points based on five convictions and U.S.S.G. § 4A1.1(d). (PSI ¶¶ 27, 29-32, 34). Movant objected on various grounds, described in more detail below. (Id.). The Court overruled Movant's objections. (Doc. No. 29 at 7-9). Movant now argues that counsel provided ineffective assistance by failing to object properly to his criminal history points. The Strickland standard discussed above applies.

### 1.   PSI ¶ 27, 1988 Santa Clara Conviction

Movant received three points for his 1988 Santa Clara controlled substance conviction and three-year sentence of confinement. (PSI ¶ 27). Movant objected because there was no proof that he was represented by counsel during those

13

proceedings and because of the "age" of the conviction. (Id.). The probation officer stated that "information received from the Superior Court of Santa Clara, California, revealed the defendant was represented by counsel." (Id.).

At sentencing, Movant indicated that the only objection he was pursuing was the one based on the age of certain convictions – "the only formal objection I made was based on when the time period starts to go back 15 or 10 years under Chapter 4 of the guidelines." (Doc. No. 29 at 3). The Court overruled Movant's objections to the criminal history points and did not specifically address Movant's objections other than the objection based on the age of the convictions. (Id. at 7-9).

Movant asserts that counsel was ineffective for failing to argue (or pursue the argument) that he should not have received three points for his 1988 Santa Clara controlled substance conviction because he was not represented by counsel in those proceedings. (Doc. No. 39 at 3). Respondent asserts that Movant only argued that there was a lack of proof that he was represented by counsel during his 1988 Santa Clara proceedings, that Movant never affirmatively argued that he was not represented, and that the Court was entitled to rely on the PSI statement that the probation officer had verified that Movant had in fact been represented. (Doc. No. 43 at 14-17). Respondent also argues that Movant fails to show prejudice because even without the

14

three points for his 1988 Santa Clara conviction, Petitioner would remain in criminal history VI, with a guideline range of seventy-seven to ninety-six months.  (Id. at 17-18).

After the probation officer stated that information from the trial court showed that Movant had been represented during his Santa Clara proceedings, Movant did not pursue and essentially abandoned his objection that there was no proof of representation.  (See Doc. No. 29 at 3).  The Court was entitled to rely on the PSI statement that Movant was represented.  To succeed on his claim that counsel was ineffective for failing to pursue a challenge to the 1998 Santa Clara conviction on the grounds that he was not represented, Movant would have to show that the challenge had a reasonable probability of success – i.e., that the Court would have found that the challenge was sufficient to require the government to establish that Movant was represented and that the government would not have been able to do so.  Absent any proffer or argument by Movant that reasonably brings into question the fact that Movant was represented, Movant fails to meet his burden, and this claim fails.  See Mackey, 221 F. App'x at 910 ("The weight of what we do not know and cannot tell from the record . . . falls on the § 2255 movants[.]").

### 2.   PSI ¶ 29, 1992 Los Angeles Conviction

Under U.S.S.G. §§ 4A1.1(a) and 4A1.2(k)(1), Movant received three criminal history points for his 1992 Los Angeles possession-of-marijuana-for-sale conviction and sentence of 180-days of confinement and three-years of supervised released, on which the Los Angeles Superior Court imposed a two-year prison term when Movant's probation was revoked in September 1995.  (PSI ¶ 29).[8]

Movant asserts that counsel was ineffective for failing to argue that he should not have received three points for his 1992 Los Angeles conviction because his sentence was for less than one year.[9]  (Doc. No. 39 at 4).  Respondent argues, among other things, that Movant properly was assigned three criminal history points under U.S.S.G. § 4A1.2(k)(1).  (Doc. No. 43 at 19).

---

[8]Movant also objected based on the age of his 1992 conviction, but the Court overruled the objection.

[9]Movant relies on § 2L1.2(b)(1)(A) and appears to rely on the principle set forth in United States v. Guzman-Bera, 216 F.3d 1019, 1021 (11th Cir. 2000), which holds that, absent a "suspended" sentence, a probation revocation and imposition of a prison term is an "original" sentence that cannot be used to support a §2L1.2(b)(1)(A) enhancement unless it was imposed *before* the defendant was deported from and then illegally re-entered the United States. (See Doc. No. 39 at 4-5). Section 2L1.2 governs calculation of the offense level and does not help Movant in regard to the assignment of criminal history points. Additionally, the Los Angeles Superior Court imposed a two year prison term when Movant's probation was revoked in September 1995, *before* Movant's 1997 and his 2001 illegal re-entries.

"Under U.S.S.G. § 4A1.1 and § 4A1.2, courts calculate criminal history points by evaluating each of the defendant's prior convictions according to a variety of factors, including the length of sentence imposed for each conviction." United States v. Coast, 602 F.3d 1222, 1223 (11th Cir. 2010).  A defendant receives three points for "each prior sentence of imprisonment exceeding one year and one month."  U.S.S.G. § 4A1.1(a).  "When a defendant is sentenced to probation, but that probation is subsequently revoked, § 4A1.2(k) instructs the court to 'add the original term of imprisonment to any term of imprisonment imposed upon revocation' when calculating criminal history points."  Coast, 602 F.3d at 1223 (quoting § 4A1.2(k)).

Movant's 180-day prison term and his two-year prison term (with credit for 219 days), imposed at his revocation, exceed thirteen months.  The Court perceives no error on this issue to which counsel should have objected.  Had counsel raised at trial or on appeal the objection that Movant now raises there is no reasonable probability that it would have succeeded.

### 3. PSI ¶ 30, 1994 Los Angeles Conviction

Under U.S.S.G. § 4A1.1(b), Movant received two criminal history points for his 1994 Los Angeles conviction for carrying a loaded firearm and sentence of 180-days confinement and three-years probation.  (PSI ¶ 30).  Movant asserts that counsel was

17

ineffective for failing to argue that he should have received only one point for his 1994 Los Angeles conviction because his sentence was for less than one year.[10] (Doc. No. 39 at 5). Respondent argues that Movant properly was assigned two points under § 4A1.1(b). (Doc. No. 43 at 22-23).

A defendant receives two points "for each prior sentence of imprisonment of at least sixty days[.]" U.S.S.G. § 4A1.1(b). Movant's 180-day prison term for his 1994 Los Angeles conviction exceeded sixty days. The Court perceives no error on this issue to which counsel should have objected. Had counsel raised at trial or on appeal the objection that Movant now raises there is no reasonable probability that it would have succeeded.

### 4. PSI ¶ 31, 1995 Los Angeles Conviction

Under U.S.S.G. § 4A1.1(a), Movant received three criminal history points for his 1995 Los Angeles conviction for possession of a firearm by a felon and two-year sentence of confinement. (PSI ¶ 31). Movant objected because he "pled nolo" to that crime and his sentence was concurrent to his revocation sentence on his 1992 Los Angeles conviction. (Id.). Movant asserts that counsel was ineffective for failing to

---

[10]Movant again relies on § 2L1.2(b)(1)(A), which does not help Movant in regard to the assignment of criminal history points.

AO 72A
(Rev.8/82)

argue that he should not have received three points for his 1995 Los Angeles conviction because no information was provided to verify this charge. (Doc. No. 39 at 5).

Movant did not challenge the 1995 Los Angeles conviction on the grounds that no information was provided to verify the charge. (See PSI ¶ 31). The Court was entitled to rely on the undisputed PSI statement that Movant was charged (and convicted) for possession of a firearm by a felon. To succeed on his claim that counsel was ineffective for failing to challenge the 1995 Los Angeles conviction on the grounds that no information was provided to verify the charge, Movant would have to show that the challenge had a reasonable probability of success – i.e., that the Court would have found that the challenge was sufficient to require the government to establish that Movant was charged for possession of a firearm and that the government would not have been able to do so. Absent any proffer or argument by Movant that reasonably brings into question the fact that Movant was charged for possession of a firearm, Movant fails to meet his burden, and this claim fails.

### 5.    PSI ¶ 32, 1998 San Bernardino Conviction

Under U.S.S.G. § 4A1.1(a), Movant received three criminal history points for his 1999 San Bernardino manufacturing conviction and five-year sentence of

AO 72A
(Rev.8/82)

confinement. (PSI ¶ 32). Movant asserts that counsel was ineffective for failing to argue that it was impermissible double counting to apply a sixteen-point enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) and to add three points to his criminal history score based on his 1999 manufacturing conviction. (Doc. No. 39 at 3).

Had counsel raised at trial or on appeal the objection that Movant now raises there is no reasonable probability that it would have succeeded. The double counting at issue serves the Sentencing Commission's intent both to punish recidivism and to deter a felon's illegal reentry in to the United States. See United States v. Villatoro-Reyes, No. 11-14328, 2012 WL 2505033, at *2 n.1 (11th Cir. June 29, 2012) (citing United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992)). This claim fails.

### 6. PSI ¶ 34, Two Point Enhancement under U.S.S.G. § 4A1.1(d)

Under U.S.S.G. § 4A1.1(d), Movant received two criminal history points based on his committing the offense of being found illegally present in the United States while on parole on another crime.[11] (PSI ¶ 34). Movant now asserts that counsel was

---

[11]Movant objected generally to that two-point assessment. (Id. ¶ 34). The probation officer stated that Movant had admitted to being in the United States illegally in 2001 while on parole for his 1999 manufacturing conviction. (Id. ¶¶ 26, 34). As indicated earlier, Movant did not pursue this objection at sentencing and stated that his "only formal objection" was based on the age of certain convictions, and the

20

ineffective for failing to argue that a two-point enhancement under U.S.S.G. § 4A1.1(d) was improper because the Sentencing Commission had deleted the recency provision, § 4A1.1(e). (Doc. No. 39 at 3). Respondent argues that the two-points properly were applied under § 4A1.1(d) and that they were not applied under the deleted recency provision in § 4A1.1(e). (Doc. No. 43 at 11-12).

A defendant receives two points if he "committed [his] instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). Under the "recency" provision (former § 4A1.1(e), eliminated effective November 1, 2010), "if the defendant committed [his] instant offense less than two years after release from imprisonment, two points were added to his criminal history calculation." United States v. Bailey, 453 F. App'x 901, 904 (11th Cir. 2011).

Had counsel raised at trial or on appeal the objection that Movant now raises there is no reasonable probability that it would have succeeded because Movant was not assigned criminal history points under the recency provision. This claim fails.

_____

Court did not address Movant's general objection to the two-points. (See Doc. No. 29 at 3, 7-9).

## IV.  Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

AO 72A
(Rev.8/82)

<u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

A COA is unwarranted because, based on the above discussion, the resolution of Movant's claims is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.    <u>Conclusion</u>

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion, (Doc. No. 39), to vacate, set aside, or correct his federal sentence be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this 28 U.S.C. § 2255 motion to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this 14th day of August, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)